UNITED STATES of America,
Plaintiff-Appellant,

v.

ONE (1) 1971 HARLEY–DAVIDSON MOTORCYCLE SERIAL # 4A25791H1, its Tools and Appurtenances, Defendant,

Michael Ohlmann, Claimant-Appellee.

No. 73–1381.

United States Court of Appeals,
Ninth Circuit.

Dec. 12, 1974.

James Stotter, II, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellant.

Mary K. Gillespie (argued), of Legal Aid Foundation of Long Beach, San Pedro, Cal., for claimant-appellee.

OPINION

Before CHAMBERS and WALLACE, Circuit Judges, and SMITH,* District Judge.

PER CURIAM:

We believe the district court was in error when it denied the forfeiture action of the United States, brought pursuant to 49 U.S.C. § 782, on the basis that the warrantless seizure of the motorcycle was unreasonable. While we do not condone illegal searches and while the district court's finding is supported by the evidence, that does not answer the question before us. "The mere fact of the illegal seizure, standing alone, does not immunize the goods from forfeiture." John Bacall Imports, Ltd. v. United States, 412 F.2d 586, 588 (9th Cir. 1969).

Appellee argues that One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), stands for the proposition that an object illegally seized cannot in any way be *used*, either as evidence or as the basis for in rem jurisdiction. *Plymouth Sedan*, however, held only that evidence derived from a search in violation of the Fourth Amendment must be excluded at a forfeiture proceeding. This was a natural extension of the exclusionary rule enunciated in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). In the case before us all the evidence introduced in the forfeiture proceeding was derived independently of the motorcycle's seizure.

Appellee points to the broad language in Berkowitz v. United States, 340 F.2d 168 (1st Cir. 1965), and Melendez v.

* Honorable Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

Schultz, 356 F.Supp. 1205 (D.Mass.1973), but our decision in John Bacall Imports, Ltd. v. United States, 412 F.2d 586 (9th Cir. 1969), is controlling. In *Bacall* illegally imported fabric was unconstitutionally seized by customs agents; forfeiture was sought pursuant to 19 U.S.C. § 1592 by proof independent of the search and seizure. We held that so long as the requirements for forfeiture were proven by evidence not tainted by the seizure, the contraband could properly be forfeited.

Appellee attempts to distinguish *Bacall* on the basis that smuggled fabric was, like a narcotic, contraband *per se*, while the motorcycle in the present case is only *derivative* contraband. Possession of the former, it is asserted, is always illegal; possession of the latter is never illegal; it is forfeitable only when used in an illegal way. *See Plymouth Sedan, supra*, 380 U.S. at 699, 95 S.Ct. 1246; United States v. McCormick, 502 F.2d 281, 288 (9th Cir. July 17, 1974). Whatever purposes such a distinction may serve in other matters, however, it is not helpful here. Clearly the Constitution does not require the government to return heroin to a convicted defendant merely because the contraband was unconstitutionally seized. We perceive no constitutional distinction, for Fourth Amendment purposes, between per se and derivative contraband. If we are constitutionally required to suppress it in one instance, we must in all.

Nor do we believe we should adopt such a rule as an exercise of our supervisory powers. First, although courts will adjust their remedies to protect federally protected rights (Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 392, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)), Congress has specifically provided for forfeiture of a vehicle used in violation of 49 U.S.C. § 781. That the motorcycle was so used is undisputed and independently proven. Second, returning property based upon a distinction between per se and derivative contraband would be unmanageable and in many cases arbitrary. The *Bacall* case is a good example. The fabric was not inherently illegal—possession was illegal only because of the way in which it was imported. 18 U.S.C. § 545. Similarly here, the motorcycle was not inherently illegal—the vice was in the way it was used. Moreover, the deterrent value of such a rule would be minimal. Because the evidence to prove the forfeiture was procured independently of the illegal search, contraband seized in violation of the possessor's Fourth Amendment rights could be returned only to be seized again with a warrant.

Reversed.