THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* OSCAR JACKSON, Defendant-Appellant.

(No. 60610; ▮▮▮▮▮▮▮▮▮▮

First District (4th Division)—February 26, 1975.

Algis K. Augustine, of Lisle, and Alan L. Butler, of Rolling Meadows, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Mary Ellen Dienes, and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Defendant, Oscar Jackson, was charged with the offense of unlawful use of a weapon in that he knowingly concealed in his vehicle a .38-caliber revolver in violation of section 24—1 of the Illinois Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 24—1). Pursuant to a motion by the State, the complaint was stricken on leave to reinstate. Thereafter, defendant petitioned the court for the return of his revolver, but his motion was denied and a confiscate and destroy order was entered pertaining to that weapon. Defendant appeals from the denial of his motion.

The facts of the instant case are uncomplicated. On March 24, 1974, defendant was stopped by two Chicago police officers as he was driving home from work. Officer Steven Scholl searched defendant's vehicle and discovered a gun in the trunk. Thereafter, defendant was arrested and charged with carrying a concealed weapon. Defendant plead not guilty to the charge and filed a written motion to suppress the gun as evidence.

In his motion to suppress, defendant alleged that he was a security officer, and that at the time he was stopped by the two officers, he was returning home from work. He showed the officers his identification, but they nevertheless searched his person. Thereafter, the officers took his car keys, unlocked the car trunk, and pried open a locked briefcase which they found therein. The briefcase contained the gun which was sought to be suppressed. At the time of the search defendant had in his possession a valid gun registration and license and a detective's identification card. Defendant's motion to suppress charged that the gun was seized in violation of his constitutional rights in that the search was conducted without a warrant, was not incidental to a lawful arrest, and was made without his consent.

At the hearing on defendant's motion to suppress, Officer Scholl testified that he arrested defendant, searched defendant's vehicle and found the gun in question. He further stated that he had neither a warrant for the arrest nor the search, and that other than an improper left-hand turn, he did not see defendant violate any law. At the conclusion of Officer Scholl's testimony, the State moved to strike the complaint with leave to reinstate and requested that a confiscate and destroy order be entered with respect to the gun.

The trial judge commented that he knew defense counsel would ask for the return of the gun, but ruled that he would have to go to civil court to obtain it. Defense counsel replied that he had been through this before and presented the court with a petition for the return of the revolver. He alleged that his client was a fully licensed security guard who needed the gun for his livelihood and could not work without it. The court denied defendant's petition for the return of the gun, granted the State's motion to SOL and entered a confiscate and destroy order.

The sole issue on appeal is whether a weapon seized from its owner pursuant to an arrest must be returned to the owner when the charges upon which that arrest was based are subsequently stricken on leave to reinstate, and when there is no showing or claim that the weapon is contraband.

The thrust of defendant's contention is that it is incumbent upon the trial judge to make all determinations regarding the disposition of property seized pursuant to an arrest up to and including the final disposi-

tion of the criminal proceedings. The State, on the other hand, asserts that the determination of ownership and right to possession of property seized is civil in nature, for which the civil remedy of replevin is proper. Thus, the State argues that the trial judge in the case at bar acted within his discretion in not ordering the return of defendant's revolver and directing that he seek relief in an independent civil proceeding.

Defendant concedes the court's power to order a confiscation under proper circumstances, but argues that where no conviction is attained and where there is no finding that the weapon is contraband, the court must order the return of the weapon to its lawful owner. In support of his contention defendant first cites section 24—6 of the Illinois Criminal Code which states as follows:

> "(a) Upon conviction of a violation of Section 24—1 or Section 24—3.1 of this Article, any weapon seized shall be consficated by the trial court.
>
> (b) Any stolen weapon so confiscated, when no longer needed for evidentiary purposes, shall be returned to the person entitled to possession if known. All other confiscated weapons when no longer needed for evidentiary purposes, shall in the discretion of the trial court, be destroyed, or preserved as property of the governmental body whose police agency seized the weapon." Ill. Rev. Stat. 1971, ch. 38, par. 24—6.

Defendant finds particularly appropriate the committee comments to this section, revised in 1961 by Charles H. Bowman. The comments state:

> "Section 24—6 provides for the disposition of confiscated weapons. Of course, a mere arrest or imprisonment is insufficient to justify confiscation of the subject's property. A conviction must be obtained. However, once the defendant has been convicted, the appropriate disposition of the weapon involved is now provided for by statute. This clarifies what has been a rather nebulous area of controversy." Ill. Ann. Stat., ch. 38, par. 24—6 (Smith-Hurd 1970).

Defendant points out that the legislative intent of section 24—6 is to withhold future possession of a weapon, and that such retention cannot be justified under the statute absent a conviction for unlawful use or unlawful possession of a weapon. Since there was no conviction in the instant case, defendant argues that a confiscation order could not be lawfully entered.

In support of his appeal, defendant further cites section 108—11 of the Illinois Code of Criminal Procedure which states that:

> "The judge or court before whom the instruments, articles or things are returned shall enter an order providing for their

custody pending further proceedings." (Ill. Rev. Stat. 1971, ch. 38, par. 108—11.)

With regard to section 108—11, the committe comments state:

"Since the things seized are held subject to the order of the court, when the 'pending proceedings' are completed their return or further disposition must necessarily be determined by the court upon proper application." (Ill. Ann. Stat., ch. 38, par. 108—11 (Smith-Hurd 1970).)

Thus, defendant argues that the court may order a confiscation of a weapon upon conviction, but must return the weapon upon proper application if no conviction is obtained and there is no finding that the weapon is contraband.

Finally, defendant cites section 114-12(b) of the Code of Criminal Procedure which provides in relevant part:

"* * * If the motion [to suppress] is granted the property shall be restored, unless otherwise subject to law detention * * *." (Ill. Rev. Stat. 1971, ch. 38, par. 114—12.)

Defendant concedes that section 114—12(b) is not technically applicable in the instant case since a ruling was never made on his motion to suppress. However, defendant argues that section 114—12(b) is evidence of a comprehensive statutory scheme directing that a confiscation be ordered only where a conviction is obtained, and that in all other cases the seized weapon must be returned to its lawful owner.

The State argues that while the charge against defendant was dropped and the search which resulted in the seizure of his gun was manifestly improper, these matters have no bearing on the issue of whether the gun should have been returned; for that question concerns a property right— not a criminal proceeding. Accordingly, the State argues that the cases and statutes cited by defendant relate only to his ultimate right to possession of the weapon, and not the procedure he must follow to secure its return.

Much reliance is misplaced by the State on statements made in *People v. Fratto*, 32 Ill.App.2d 354, 177 N.E.2d 864. That case involved the return to defendant of various equipment used in a gambling operation. The appellate court held that it was error to order a return of the equipment to defendant after a motion to suppress it was granted because no determination had been made whether the seized property was contraband, and therefore subject to confiscation. In other words, the grant of a motion to suppress alone is not determinative of defendant's right to a return of the property. The court stated:

"* * * The People have a right to a hearing at which they could present evidence to establish that all the property seized

was contraband because of its being an integral part of illegal gambling operations."

We must point out that *Fratto* did not hold that such a hearing be an independent proceeding in a civil court. Th court merely held that the State must be afforded an opportunity to establish that the property seized is contraband. Furthermore, some claim must be asserted by the State that the property is contraband in order to be entitled to such a hearing. Other cases cited by the State were decided prior to substantial legislative revision of the Criminal Code.

The record is clear in the case at bar that defendant filed a motion to suppress and that the court heard evidence on the motion. Before the proceeding was completed, the State requested that the charge be stricken, and leave to reinstate was granted. No proceeding is presently pending against defendant. No claim or offer of proof was made by the State that the gun was contraband and not owned by defendant, or that the gun had been used in an illegal manner. To the contrary, it is clear that the gun was in the possession of a security guard as authorized by statute. Ill. Rev. Stat. 1971, ch. 38, par. 24—2(a)(4).

■■ In the case at bar defendant filed a timely motion for the return of his revolver at the conclusion of the proceeding against him. The court denied the motion and directed defendant to seek relief in a civil court. We perceive no justification for the imposition of such a procedural burden, particularly where the State charges an offense and later decides to have the complaint stricken. The unmistakable trend of recent court procedures is to avoid the duplication of legal controversies when a disposition of the subject matter and personal property before the court can be made conveniently. Certainly, the trial judge in this case could have and should have ordered the immediate return of the weapon to defendant since all necessary evidence was before him. Accordingly, we direct the circuit court in the criminal division to return the gun to defendant forthwith.

The order of the criminal division of the circuit court is reversed and the cause is remanded with directions to order the return of the gun to the defendant.

Reversed and remanded with directions.

DIERINGER, P. J., and ADESKO, J., concur.