THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ROBERT ZIMMERMAN *et al.*, Defendants-Appellees.

Third District   No. 75-451

Opinion filed December 29, 1976.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Jack Brunnenmeyer, of Peoria, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

The State appeals from the trial court's order granting defendants' motions to suppress evidence and to return the seized property.

Defendants were charged with gambling and keeping a gambling place under sections 28—1(a)(1) and 28—3 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, pars. 28—1(a)(1), 28—3). Motions to suppress were filed on behalf of defendants, alleging that money was taken from each defendant in a warrantless and unlawful search.

At the suppression hearing, each defendant testified that on September 25, 1975, at 1721 North Sheridan Road, Peoria, Illinois, he was ordered by a Peoria police officer to empty the contents of his pockets and to place the contents on a kitchen table. Each defendant testified to the amount of money which was taken, and testified that this was done without his consent. Defendants were not cross-examined, and the State did not present any witnesses. The trial court ordered the evidence suppressed and the property returned to defendants, finding that a search occurred when defendants were ordered to empty their pockets, that the search was done without consent or a warrant, and that the search was unlawful.

Section 114—12(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 114—12(b)) provides that at a hearing on a motion to suppress evidence the burden of proving a search and seizure to be unlawful shall be on the defendant. However, once the defendant establishes *prima facie* that the search was unlawful under the grounds enumerated in section 114—12(a), the burden then shifts to the prosecution to present evidence showing the legal justification for the search. *People v. Normant* (1st Dist. 1975), 25 Ill. App. 3d 536, 323 N.E.2d 553.

■■ Here the facts alleged in defendants' motion to suppress and facts adduced at the hearing showed that police officers, without a warrant, ordered defendants to empty their pockets and seized the contents. There was no evidence of any unusual activity by defendants, or of facts which would reasonably give the officers probable cause to believe that defendants were committing an offense, nor was there any evidence of an arrest which could justify the search as incident to the arrest. Accordingly, we believe that defendants met their burden of proof in establishing a *prima facie* unlawful search and seizure, thus making it incumbent upon the prosecution to present evidence showing the justification for the search. See, *e.g., People v. Cassell* (1st Dist. 1968), 101 Ill. App. 2d 279, 243 N.E.2d 363.

■■ The State contends that the trial court could have found that defendant consented to the search by complying with the request of the police officers to empty their pockets. Whether consent has been voluntarily given, or whether it was the product of coercion or the assertion of authority is a factual determination for the trial court in the first instance, and that determination will not be disturbed on appeal unless clearly unreasonable. (*People v. DeMorrow* (1974), 59 Ill. 2d 352, 320 N.E.2d 1.) Here, the trial court did not find a valid consent but found that defendants emptied their pockets in compliance with the orders of the police, and, in view of the evidence, we do not believe that this determination is erroneous. See *People v. Harr* (2d Dist. 1968), 93 Ill. App. 2d 146, 235 N.E.2d 1.

■■ The State also contends that the trial court precluded the prosecutor from presenting witnesses. The record does not support this contention. After defendants testified, the prosecutor stated that she wished to speak with her witnesses unless there was an objection. The trial court agreed with defendants' objection that this would be improper at this time. The prosecutor neither pursued this point nor did she offer any witnesses and instead offered arguments as to the insufficiency of defendants' evidence. In view of the record, we do not believe that the prosecution was denied the opportunity to present testimony in the trial court.

The final contention concerns the trial court's order that the money seized be returned to defendants. The State contends that money used in gambling offenses is contraband and subject to forfeiture, and that the prosecution is entitled to a forfeiture hearing under section 28—5 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 28—5).

Section 114—12(b) of the Code of Criminal Procedure provides that if a motion to suppress evidence is granted, the property shall be restored "unless otherwise subject to lawful detention * * *." Section 28—5 of the Criminal Code provides that gambling devices and money "integrally related to acts of gambling" are contraband and shall be subject to forfeiture. This statute also provides for a forfeiture hearing in which the State has the burden of proving that the property is subject to forfeiture by a preponderance of the evidence.

■■ In disposing of this contention, it is necessary to distinguish between contraband *per se* and derivative contraband. Contraband *per se* is property the mere possession of which constitutes a crime, and such property is subject to forfeiture even if improperly seized. Derivative contraband is property which is not inherently illegal, but subject to forfeiture because of its use in criminal activity. *People v. Steskal* (1973), 55 Ill. 2d 157, 302 N.E.2d 321.

■■ In a forfeiture hearing where the State intends to prove that property is derivative contraband, the exclusionary rule applies to prohibit the introduction by the State of illegally seized evidence as part of its proof that the property was used in criminal activity. *One 1958 Plymouth Sedan v. Pennsylvania* (1958), 380 U.S. 693, 14 L. Ed. 2d 170, 85 S. Ct. 1246.

■■ The property involved here, money, is derivative contraband because it must be shown that the money was integrally related to acts of gambling. (*People v. Mota* (1st Dist. 1975), 27 Ill. App. 3d 982, 327 N.E.2d 419.) However, that proof, as in *People v. Mota*, is dependent upon introduction of the illegally seized evidence, which the State is precluded from doing. Inasmuch as the State cannot prove that the money is subject to forfeiture as derivative contraband, the trial court acted properly in

ordering the property returned to defendants without conducting a forfeiture hearing. See, *e.g., People v. Jackson* (1st Dist. 1975), 26 Ill. App. 3d 845, 326 N.E.2d 138.

Accordingly, the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.