**STATE of Iowa, Appellee,**

v.

**One 1972 CHEVROLET PICKUP TRUCK WITH KANSAS LICENSE PLATE NO. WY 17617, Appellant.**

**No. 2–57977.**

Supreme Court of Iowa.

April 20, 1977.

David E. Green and Gregory J. Siemann, Carroll, for appellant.

Richard C. Turner, Atty. Gen., and David E. Linquist, Asst. Atty. Gen., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and REYNOLDSON, JJ.

REES, Justice.

The owner of a 1972 Chevrolet truck appeals the order and decree of the district court reversing the finding of a judicial magistrate that the truck which had been allegedly used in connection with the commission of a larceny was not a proper subject for forfeiture since it was not of an illegal nature or character in and of itself. We conclude the vehicle was not subject to forfeiture and reverse.

During the early morning hours of June 7, 1975 police officers of the City of Pocahontas observed two pickup trucks entering a cemetery in or near Pocahontas after the lights on the vehicles had been extinguished. The officers attempted to stop the pickup trucks when they were leaving the cemetery, and succeeded in stopping one of them, but the other one drove away and was pursued by one of the officers and later apprehended. An information for search warrant was presented to a magistrate and a search warrant authorizing the search of the subject truck was secured. The owner of the truck involved in this proceedings, Harold Cecil Woolsey, was arrested and charged with larceny of some mowers from the cemetery, a stolen lawnmower having been found in the back of his pickup truck.

The truck in question was impounded and forfeiture proceedings were instituted to declare the truck forfeit for having been used in the commission of a public offense.

The disposition of the truck in question turns on an interpretation of the forfeiture provisions of § 751.25, The Code, 1975, which in pertinent part reads:

"If the magistrate finds that the property or any part thereof seized under the search warrant *is of the illegal nature or character alleged in the information,* he shall enter judgment of forfeiture to the state of said property, . . ." (Italics supplied)

The statute above set out mandates a forfeiture where the property is "of the illegal nature or character alleged in the information." The issue presented for review in this appeal is whether the instrumentality of a crime, innocent in and of itself, is forfeitable because of its use. We are forced to the ineluctable conclusion that it is not.

The district court found the pickup was used in the larceny of the mower and ordered the truck forfeited because it was used for illegal purposes and in the commission of a crime, and reversed the finding of the magistrate. The magistrate had found in his order that the truck was "necessary evidence to a criminal prosecution now pending against the said . . . Harold Cecil Woolsey in Pocahontas County, Iowa, and that good cause is not shown for releasing said property to the aforesaid claimants prior to disposition of criminal charges." The magistrate further found, however, "that aforesaid personal property is not contraband or illegal, the possession of which would be unlawful, and therefore is not of such a nature to be subject to forfeiture under Chapter 751 Code of Iowa."

The finding and order of the district court reversing the magistrate's order would extend the forfeiture statute from a very narrow coverage of contraband mate-

rials per se to include any item used in an illegal manner.

 The forfeiture statute is penal in nature and must be strictly construed. *McReynolds v. Municipal Court of City of Ottumwa*, 207 N.W.2d 792, 794 (Iowa 1973); *State v. Kaufman*, 201 N.W.2d 722, 723 (Iowa 1972). A strict construction of § 751.25 requires forfeiture only of items seized which are illegal in nature or character and would include and cover only those items which it is unlawful to possess or items which are subject to specific legislative enactments prohibiting certain uses.

For example, a vehicle may not be used to transport liquor illegally without being subject to forfeiture under chapter 127, The Code, 1975, or to transport drugs under § 204.505(8), The Code, 1975. In the absence of a specific legislative directive, property seized under chapter 751 must be of an illegal nature or character in and of itself to be subject to forfeiture.

The district court erred in its finding and order directing forfeiture of the 1972 Chevrolet pickup truck, the subject of this appeal. We accordingly reverse.

REVERSED.