THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES MUDD, Defendant-Appellant.

First District (3rd Division)    No. 76-538

Opinion filed November 2, 1977.

Frederick F. Cohn, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Neil H. Cohen, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

This is an appeal by the defendant from an order of the trial court directing the confiscation and destruction of his gun which was seized at the time of his arrest.

The defendant, charged with illegal use of a weapon under section 24—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(10)), was tried and found not guilty by a jury. After his acquittal, the judge denied a motion for the return of his gun and instead ordered the gun confiscated and destroyed. A subsequent motion to vacate that order was rejected. During argument on this second motion the State stipulated that the gun was not contraband per se. The judge, after ascertaining that the State's stipulation was not a declaration that there was no illegal use of the gun, in denying the motion, stated:

"I sat here and listened to the jury trial and the defendant's testimony was that the gun was loaded and was on the seat alongside of him in the truck * * *. There was a hearing and I heard it. There is no question [but that] the gun was being used illegally at the particular time so accordingly, my ruling will stand."

■■■ The order to confiscate and destroy the defendant's property defines this as forfeiture, an action which is traditionally directed at two categories of property: contraband per se and derivative contraband. (*People v. Steskal* (1973), 55 Ill. 2d 157, 302 N.E.2d 321.) Designation of an item as contraband per se means possession of that item alone constitutes a criminal offense; it denotes an express public policy against the existence of an object, such as a sawed-off shotgun or counterfeit money, as if the thing itself is repugnant to the State. Derivative contraband describes an article, not inherently unlawful, which is subject to forfeiture only if it is used in an illegal activity. (*People v. Steskal* (1973), 55 Ill. 2d 157, 159; *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania* (1965), 380 U.S. 693, 699, 14 L. Ed. 2d 170, 174, 85 S. Ct. 1246, 1250.) The present case, by the express stipulation of the State, does not concern contraband per se. The case involves the authority of a trial court to confiscate and order destroyed a gun allegedly used in an illegal manner, that is, derivative contraband.

The defendant asserts that a trial court's sole authority to order the gun confiscated and destroyed is section 24—6(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—6(a)) which requires, in part:

"(a) Upon conviction of a violation of Section 24—1 [Unlawful Use of a Weapon] or Section 24—3.1 [Unlawful Possession of Firearms or Ammunition] of this Article, any weapon seized shall be confiscated by the trial court."

The statute goes on to provide that, after the confiscation order and after resolution of any claims to the weapon, the trial court "may transfer such [confiscated] weapons to the sheriff of the county who shall proceed to destroy them, * * *." (Ill. Rev. Stat. 1975, ch. 38, par. 24—6(b).) The jury acquitted the defendant of the charge of unlawful use of a weapon. Since there was no conviction in this case, no claim that the gun was contraband per se and no dispute over the weapon's ownership, the defendant argues, there can be no confiscation.

The State argues that this statutory provision is not the sole confiscation and destruction measure available to a court. For example, if this gun were contraband per se, it could be confiscated by a circuit court absent a conviction, under the general jurisdictional powers granted a court by the State Constitution. (*People v. Stankovich* (1974), 20 Ill. App. 3d 162, 313 N.E.2d 276.) In addition to this auxiliary method, the State claims a trial court may determine that an item has been used in an unlawful manner and issue an order to confiscate and destroy it, citing *People v. Jackson* (1975), 26 Ill. App. 3d 845, 326 N.E.2d 138. Since this is a civil proceeding, involving a property right, not a criminal question (*People v. Collier* (1972), 3 Ill. App. 3d 610, 278 N.E.2d 167), the jury verdict in the criminal trial, acquitting the defendant of illegal use of a weapon, did not bind the judge in his determination of a separate issue: Whether the extent of the defendant's use of the gun justified confiscation and destruction. In this matter, on the authority of *Jackson*, the State alleges, the judge could and did make an independent determination that the gun was used illegally; his order of confiscation and destruction is proper.

In *Jackson*, a gun was seized by the State pending the outcome of charges against its owner for its illegal use. In a preliminary hearing the charges against the defendant were stricken; the trial judge denied the request of the defendant for the return of his gun, ruling that the defendant would have to commence civil proceedings in civil court to obtain it. The *Jackson* decision reversed the order and directed the trial court to return the gun. The court decided that even though forfeiture is a civil question the trial judge in the criminal division has the authority to return property seized by the State when that property is no longer involved in any pending proceeding. A procedure which requires an owner to institute a separate civil suit for the return of his property, the court found, would be burdensome and unnecessary. This narrow holding does not support the State's position that a trial court may

conduct an independent hearing to determine if the weapon is derivative contraband after a judgment of not guilty.

The forfeiture of property as derivative contraband may technically be civil in form, but courts have long recognized it is criminal in nature; its only objective, like a criminal action, is to penalize unlawful activity. (*Boyd v. United States* (1885), 116 U.S. 616, 29 L. Ed. 746, 6 S. Ct. 524; *One 1958 Plymouth Sedan; United States v. United States Coin & Currency* (1971), 401 U.S. 715, 28 L. Ed. 2d 434, 91 S. Ct. 1041; *People v. Mota* (1975), 27 Ill. App. 3d 982, 327 N.E.2d 419; *People v. Zimmerman* (1976), 44 Ill. App. 3d 601, 358 N.E.2d 715.) Thus, a claim that separate common law authority enables the State, absent a criminal conviction, to confiscate derivative contraband was rejected by the Illinois Supreme Court in *People v. Steskal* (1973), 55 Ill. 2d 157. The court, considering whether certain material could be forfeited as obscene, held that property, not contraband per se, can be ordered confiscated and destroyed only as a consequence of a successful criminal prosecution. To allow forfeiture of such property without a conviction, the court reasoned at page 160:

> "* * * would permit the State an opportunity to vindicate its allegation that defendant committed a criminal offense. It might also tend to create a situation where improper searches and seizures would be conducted with the knowledge that even though a criminal prosecution would be futile, the forfeiture proceedings would partially accomplish the same effect * * *" (*People v. Steskal* (1973), 55 Ill. 2d 157, 160.)

Where there has been no conviction, *Steskal* forbids the confiscation of property when it is not contraband per se.

The rationale of *Steskal* is embodied in the explicit requirements of the previously cited section 24—6 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—6). According to the statute there must be a conviction, under specific sections of the Criminal Code before forfeiture of a gun, possession of which is not criminal, and ownership of which is not in question, can be ordered. The Committee Comments following that section make clear the legislative mandate:

> "Section 24—6 provides for the disposition of confiscated weapons. Of course, a mere arrest or imprisonment is insufficient to justify confiscation of the subject's property. *A conviction must be obtained. However, once the defendant has been convicted, the appropriate disposition of the weapon involved is now provided for by statute.* This clarifies what has been a rather nebulous area of controversy." (Emphasis added.) (Ill. Ann. Stat., ch. 38, par. 24—6, at 587 (Smith-Hurd 1970).)

None of the statutory conditions are here present.

■■ We therefore find that a gun not contraband per se, when there is no contest over ownership, can be ordered confiscated and destroyed only after there has been a criminal conviction under the charges specified in section 24—6 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—6), and under the procedure outlined by that statute. Since a jury acquitted the defendant in this case and there is no claim the gun is contraband per se, the decision of the circuit court of Cook County is reversed.

Reversed.

SIMON, P. J., and McNAMARA, J., concur.