**STATE of South Dakota, Plaintiff
and Appellee,**

v.

**THREE ISO–2 DEVICES, SERIAL NOS.
13801, 13825, and 13904, Defendants
and Appellants.**

No. 12810.

Supreme Court of South Dakota.

Argued March 14, 1980.

Decided Sept. 3, 1980.

Kevin F. Manson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

N. Dean Nasser, Jr., Sioux Falls, for defendants and appellants.

MORGAN, Justice.

This appeal stems from a final judgment entered by the trial court which ordered that the three defendant ISO–2 devices were to be forfeited to and disposed of by the State. We reverse.

Captain Ahab's, Ltd., a South Dakota domestic corporation doing business as Iron Creek in Sioux Falls, South Dakota, ordered several ISO–2 devices (isomerizers). The record does not reflect the exact number of devices originally ordered or the disposition of any by sales, but at the time in question three remained on the premises of Iron Creek.

The State of South Dakota requested and obtained a search warrant to seize appellant devices. In addition to the three ISO–2 devices, the officers also seized accompanying components, chemicals, instruction manuals, and shipping boxes. The officers made the seizure on the assumption that the devices could not legally be owned by anyone (contraband per se). The search warrant stated that the devices were subject to forfeiture under SDCL 34–20B–70(2).[1]

This action was commenced by service of summons on appellant devices and Iron Creek. Several motions were made during the course of this case, but the only one which is relevant to this appeal is appellants' motion to quash the search warrant. The trial court, ruling from the bench, denied the motion, saying that "[u]pon review of the affidavit of the officer, including Exhibit A [a question and answer which concerned the ISO–2 device and which was printed in a magazine which Iron Creek had for sale] . . . and upon review of the statute, the motion to quash the search warrant will be denied." The trial court never did enter a formal order denying the motion.

The parties tried the case to the court, after which the trial court rendered a verdict of forfeiture for the State, and following an extensive findings of fact and conclusions of law hearing, the trial court entered and filed judgment. Appellant devices appeal from that judgment.

The important determination in this case is whether the ISO–2 devices are contraband per se or derivative contraband. Once that decision is made, the issues involved herein are easily resolved.

Nowhere in our state statutes is there a definition of "contraband." There is, therefore, no definition distinguishing contraband per se from derivative contraband, although a distinction between the two does exist.

Designation of an item as contraband per se means possession of that item alone constitutes a criminal offense; it denotes an express public policy against the existence of an object . . . Derivative contraband describes an article, not inherently unlawful, which is subject to forfeiture only if it is used in an illegal activity.

*People v. Mudd*, 54 Ill.App.3d 603, 604, 12 Ill.Dec. 414, 415, 370 N.E.2d 37, 38 (1977); *People v. Zimmerman*, 44 Ill.App.3d 601, 3

---

1. SDCL 34–20B–70(2) reads:

   The following shall be subject to forfeiture and no property right shall exist in them:

   .    .    .    .    .

   (2) All raw materials, products and equipment of any kind which are used or intended for use, in manufacturing, compounding, processing, importing, or exporting any controlled drug or substance or marijuana in violation of the provisions of this chapter or chapter 22–42[.]

Ill.Dec. 317, 358 N.E.2d 715 (1976); *People v. Steskal*, 55 Ill.2d 157, 302 N.E.2d 321 (1973).

"To determine whether property is contraband, and if so, what type of contraband, one must refer to the nature of the property and to the statute or statutes that it is contended make possession of the property or its use unlawful." *Commonwealth v. Fassnacht*, 246 Pa.Super. 42, 47, 369 A.2d 800, 803 (1977). We note that on appeal the State readily admits that appellant devices do have legal uses, although it still argues that the devices are contraband per se.

The State seized the devices under SDCL 34–20B–70(2) and 34–20B–74.[2] SDCL 34–20B–74 provides for the seizure of property subject to forfeiture under the statute. Under SDCL 23–15–2,[3] which was in effect at the time of this case, the search warrant[4] could have only been issued when there was probable cause supported by an affidavit.[5]

SDCL 34–20B–81 says that "[a]ll property described in subdivision (1) of § 34–20B–70 shall be deemed contraband and shall be summarily forfeited to the state[;]" i. e.,

that said property is contraband per se. SDCL 34–20B–82 provides that Schedule I substances[6] are also contraband and subject to summary forfeiture to the state; i. e., that such substances are contraband per se. SDCL 34–20B–83 says that certain plants from which Schedule I and II controlled substances may be derived also "may be seized and summarily forfeited to the state[;]" i. e., that they are contraband per se. Nowhere, however, is there any mention that those materials, products, or equipment listed under SDCL 34–20B–70(2) are contraband and subject to summary forfeiture to the state.

"In construing a statute, it is just as important to recognize what a statute does not say as it is to recognize what it does." *State, Etc. v. Ripley County Council*, 395 N.E.2d 867, 870 (Ind.App.1979). Courts have also agreed with the general rule that the "[e]xpress mention in a statute implies the exclusion of other things." *Dueweke v. Morang Drive Greenhouses, Inc.*, 96 Mich. App. 27, 282 N.W.2d 823, 828 (1979); *Gottlieb v. City of Milwaukee*, 90 Wis.2d 86, 279 N.W.2d 479 (1979); *Nebraska City Ed.*

---

**2.** SDCL 34–20B–74 reads:

Any property subject to forfeiture under this chapter may be seized by any peace officer or designated agent of the division of criminal investigation upon process issued by any court having jurisdiction over the property.

**3.** SDCL 23–15–2, in pertinent part, provided:

A search warrant cannot be issued except upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and the place to be searched.

**4.** The search warrant, in pertinent part, reads:

Proof by affidavit having been made this day before me by Detective Chris Rallis that property subject to forfeiture pursuant to SDCL 34–20B–70 is on display at the store known as Iron Creek at 2902 South Minnesota Avenue in the City of Sioux Falls, Minnehaha County, South Dakota

YOU ARE THEREFORE COMMANDED at any time of the day or night to search the premises known as Iron Creek at 2902 South Minnesota Avenue in the City of Sioux Falls, Minnehaha County, South Dakota for any ISO 2's as set forth in the advertisement attached as Exhibit A to the affidavit in support of search warrant, and to seize any such

ISO 2's and manuals and to bring them before the Court forthwith.

**5.** The affidavit in support of the search warrant, in pertinent part, reads:

Chris Rallis, being first duly sworn, deposes and says:

1. That he is a narcotics detective with the Sioux Falls Police Department.

2. That on January 4, 1978 at about 1:55 p. m., he and police reserve officer Thomas Olson were inside the building at 2902 South Minnesota, known as the Iron Creek store, which was open for business to the general public and observed a device labled [sic] "ISO 2" and accompanying operational manuals. Affiant read the operational manuals which described the use of ISO 2 for the manufacture of hashish oil and altered forms of marihuana. [sic] An advertisement for the ISO 2 device from the magazine "High Times" is attached as Exhibit A.

3. The ISO 2 is property subject to forfeiture pursuant to SDCL 34–20B–70(2) and affiant requests the Court for a search and seizure warrant pursuant to SDCL 34–20B–74.

**6.** See SDCL 34–20B–11 through 14.

*Ass'n v. School Dist., Etc.*, 201 Neb. 303, 267 N.W.2d 530 (1978); *In re Estate of Wilson*, 202 N.W.2d 41 (Iowa 1972).

It has been said that "[t]he law abhors a forfeiture." *Superior Oil Co. v. Devon Corp.*, 604 F.2d 1063, 1069 (8th Cir. 1979). "The law does not favor forfeitures and statutes imposing them must be strictly construed." *Wilshire Ins. Co. v. State*, 582 P.2d 372, 375 (Nev.1978). See also *One Cocktail Glass v. State*, 565 P.2d 1265 (Alaska 1977); *State v. One 1972 Chevrolet Pickup Truck, Etc.*, 252 N.W.2d 466 (Iowa 1977); *State ex rel. Reid v. Kemp*, 574 S.W.2d 695 (Mo.App.1978).

■ We hold that SDCL 34–20B–70 should therefore be strictly construed so that since those properties mentioned in § 34–20B–70(2) are not included as contraband which may be seized and summarily forfeited to the state (contraband per se), they are derivative contraband.

■ Appellants allege that because the items are derivative contraband, not contraband per se, the trial court should have quashed the search warrant. We agree. "[W]hen the property in question was derivative contraband, the exclusionary rule . . . was applicable in a proceeding to forfeit the property." *Commonwealth v. Fassnacht*, 246 Pa.Super. at 46, 369 A.2d at 803.

■ However, "[t]he mere fact of the illegal seizure, standing alone, does not immunize the goods from forfeiture." *United States v. One (1) 1971 Harley–Davidson Motor.*, 508 F.2d 351, 351 (9th Cir. 1974). The court then went on to say that "here, the motorcycle was not inherently illegal–the vice was in the way it was used." Id. at 352. Yet in the present case the affidavit in support of the search warrant utterly failed to show that the devices were used in an illegal way, or that any known person was intending to use them in an illegal way. No present violation was ever shown or even alleged, and no future violation was shown, only alleged, and then no specific person was named.[7]

The Supreme Court of Iowa has held that an affiant's bare conclusions or beliefs concerning the illegal use of derivative contraband is not sufficient to support a finding of probable cause for the issuance of a search warrant. *State v. Merchandise Seized*, 225 N.W.2d 921 (Iowa 1975). This was also held true because no factually supportive evidence was presented to the judge prior to the warrant's issuance. Id.

We therefore hold that the search warrant was improperly issued and that the trial court should have granted appellants' motion to quash the seizure of the three ISO–2 devices.

In view of our holding as to the motion to quash, we have effectively disposed of all other issues raised.

Accordingly, the judgment of the trial court is reversed.

DUNN, HENDERSON and FOSHEIM, JJ., concur.

WOLLMAN, C. J., dissents.

WOLLMAN, Chief Justice (dissenting).

I would hold that the trial court did not err in not quashing the search warrant (if indeed a warrant was necessary in the first place). The manuals accompanying the devices are explicit in their description of how hashish oil can be derived from marijuana through the use of the devices. The material from the magazine "High Times" referred to in the affidavit for the search warrant is equally as explicit in its description of the purpose for which these devices are sold. Accordingly, I would hold that the affidavit established probable cause that the devices constituted equipment intended for use in processing marijuana within the meaning of SDCL 34–20B–70(2).

---

7. See Note 5, supra.