THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RALPH WYNN, Defendant-Appellant.

First District (2nd Division)    No. 80-1854

Opinion filed July 28, 1981.

James J. Doherty, Public Defender, of Chicago (John E. Horn, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Georgia A. Buglass, and Anthony John Calabrese, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

The defendant, Ralph Wynn, was charged with failure to maintain a valid firearm owner's identification card. (Ill. Rev. Stat. 1979, ch. 38, par. 83—2(a).) Following a bench trial, the court ordered the destruction of defendant's gun, and placed the defendant on 3 months supervision. He appeals contending that the trial court erred in ordering the confiscation and destruction of his weapon.

Officer Joseph Miller testified that he went to the defendant's home on April 17, 1980, in response to a call of domestic disturbance. He knocked on the front door and was admitted by the defendant. The

officer asked if anyone there had called the police, and defendant replied that he had not. However, his wife appeared and said that she had called. She then told the officer that her husband had threatened to move her belongings out of the house, and while she was talking to the officer, the defendant pointed to his wife and said, "I'm going to beat you." The officer advised defendant he was subject to arrest for threatening his wife. She then went upstairs and motioned for the officer to follow. He went up and entered a bedroom at the head of the stairs where the defendant's wife pointed to an object similar to a coffee table and pulled out a little drawer. There the officer saw a gun and a belt with 12 rounds of ammunition in it which he took. He went downstairs and asked defendant if the gun was his. Defendant replied that it was, and the officer then asked if he had a firearms owner's identification card. The defendant produced one issued by the State of Illinois which had expired on March 4, 1974.

Defendant testified that he and his wife occupied separate bedrooms in their home, and that she was not allowed in his bedroom. However, he admitted that she came into it once in awhile. He stated that in 1974 he had been a security officer and had carried a .357 magnum gun which he had not used since that time. He stated that because he had not used the gun, he forgot to renew his identification card.

■■ Property, not contraband *per se*, can be ordered confiscated and destroyed only as a consequence of a successful criminal prosecution. To allow forfeiture of such property without a conviction "* * * would permit the State an opportunity to vindicate its allegation that defendant committed a criminal offense. It might also tend to create a situation where improper searches and seizures would be conducted with the knowledge that even though a criminal prosecution would be futile, the forfeiture proceedings would partially accomplish the same effect * * *." (*People v. Steskal* (1973), 55 Ill. 2d 157, 160, 302 N.E.2d 321.) A gun is not contraband *per se*. When there is no contest over ownership, it can be ordered confiscated and destroyed only after there has been a criminal conviction. *People v. Mudd* (1977), 54 Ill. App. 3d 603, 370 N.E.2d 37.

Defendant contends that the trial court erred in ordering the confiscation and destruction of his weapon. He maintains that Illinois statutes provide that a weapon may be ordered confiscated and destroyed only upon conviction of an offense.

The State replies that the defendant failed to preserve this issue for appeal by making a motion for new trial but failing to include the matter therein. Further, the State argues that the order to confiscate and destroy was a reasonable condition of the defendant's supervision.

■■ We note that the defendant himself objected to the order of the trial court to confiscate his gun during his trial, and that the trial court responded by stating that it had the power to confiscate and destroy the gun. We do not believe that the circumstances justify the application of the waiver doctrine.

■■ Here, the trial court specifically stated that it was not making a finding of guilt in this matter, when it placed the defendant under supervision for 3 months. Section 5—1—21 of the Unified Code of Corrections defines supervision as "a disposition of conditional and revocable release without probationary supervision, but under such conditions and reporting requirements as are imposed by the court, at the successful conclusion of which disposition the defendant is discharged and a judgment dismissing the charges is entered." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—1—21.) A conviction is defined as "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." (Ill. Rev. Stat. 1979, ch. 38, par. 2—5.) Section 24—6 of the Illinois Criminal Code provides in part that "[u]pon *conviction* of an offense in which a weapon was used or possessed by the offender, any weapon seized shall be confiscated by the trial court." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 38, par. 24—6(a).) We find that since the trial court failed to convict the defendant of a criminal offense herein, it was without statutory authority to enter an order to confiscate and destroy the weapon.

The judgment of the circuit court of Cook County to confiscate and destroy the defendant's weapon is therefore reversed and remanded.

Reversed and remanded.

DOWNING and PERLIN, JJ., concur.