STATE OF NEW JERSEY, PLAINTIFF, v. $199,167 IN UNITED STATES CURRENCY, DEFENDANT.

Superior Court of New Jersey
Law Division
Burlington County

Decided July 29, 1988.

*Leah A. McMahon* for plaintiff (*W. Cary Edwards*, Attorney General of New Jersey, attorney).

*Francis J. Hartman* for defendant.

HAINES, A.J.S.C.

This is a forfeiture case. Jorge Ortiz, driving an automobile, with a Florida license plate, south on the New Jersey Turnpike, was stopped by a state trooper, allegedly for careless driving. The trooper searched the car and discovered two boxes containing $199,167 in cash. Ortiz claims that the search of the automobile and the seizure of the money violated the Fourth Amendment. The facts are vigorously contested. It is fair to

say that substantial questions are raised concerning the propriety of the search and seizure.

■ Ortiz moves for summary judgment dismissing the complaint and, alternatively, pursuant to *R.* 4:46–3, for a limited trial addressing only the question of the constitutionality of the search and seizure. It is the defense position that a limited trial will permit the court to dispose of the entire matter if the search and seizure issue is decided favorably to defendant. The argument rests upon the legal principle, firmly established, that evidence unlawfully seized cannot be introduced in support of the State's forfeiture claim. This opinion concludes that the application is premature. The requested limited trial may be appropriate but only after the State has had an opportunity to complete discovery proceedings.

*R.* 4:46–3 provides:

(a) Order Limiting Factual Controversy. If on motion [for summary judgment] under this rule judgment is not rendered upon the whole action or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall, if practicable, ascertain what material facts, including facts as to the amount of damages, exist without substantial controversy and shall thereupon make an order specifying those facts and directing such further proceedings in the action as are appropriate. Upon trial of the action the facts so specified shall be deemed established.

(b) Order for Trial. If after the inquiry prescribed by paragraph (a) of this rule it appears to the court at the hearing of the motion that the case may be fully or partially adjudicated upon limited testimony, with or without specific further discovery, the court shall, if practicable, enter an order fixing a date certain for the trial of specifically identified disputed factual issues, and, if appropriate, fixing the subject, mode and time for completion of discovery.

This rule expressly permits a limited trial. That trial would be permissible without the rule. Judges have the discretionary power to order a piecemeal trial when that seems profitable.

■ In the present case the requested limited trial will not necessarily dispose of the entire litigation even if it is proved that the Fourth Amendment was violated. It is clear, as the defense argues, that if the monies in question were seized unlawfully they cannot be used as evidence in the forfeiture

action. *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania,* 380 *U.S.* 693, 85 *S.Ct.* 1246, 14 *L.Ed.*2d 170 (1965); *Boyd v. United States,* 116 *U.S.* 616, 6 *S.Ct.* 524, 29 *L.Ed.* 746 (1886); *Farley v. $168,400.97,* 55 *N.J.* 31 (1969); *State v. Jones,* 181 *N.J.Super.* 549 (Law Div.1981). However, the State may sustain its forfeiture action by the introduction of evidence obtained independently of the illegal seizure and is not required to return the monies seized unless defendant wins the forfeiture action. *Ibid.*

Since the State is entitled to an opportunity to prove its case through the use of evidence, other than the money itself, it is entitled to discovery. This is a civil action and our discovery rules permit, indeed encourage, a broad factual inquiry. This case cannot be concluded until the State has had that discovery opportunity. A limited trial resulting in a decision favoring the defense will not be conclusive since the State would still be entitled to undertake discovery. Consequently, no trial, limited or otherwise, shall be conducted in this matter until after discovery has been completed.