**In the Matter of Property Seized from Sharon Kay FLOWERS**

**Appeal of Santiago Pina GARCIA and Sharon Flowers Garcia, Appellants.**

**No. 90–551.**

Supreme Court of Iowa.

Sept. 18, 1991.

Timothy W. Shuminsky, Shuminsky, Shuminsky & Molstad, Sioux City, for appellants.

Thomas J. Miller, Atty. Gen., Sarah J. Coats, Asst. Atty. Gen., Thomas S. Mullin, County Atty., and Mark A. Campbell, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and LAVORATO, JJ.

CARTER, Justice.

Appellants, Sharon Garcia (formerly Sharon Flowers) and Santiago Pina Garcia (hereafter referred to as property claimants), appeal from an order of the district court forfeiting, pursuant to Iowa Code section 809.1(2) (1989), certain items allegedly owned by them as property having been used in or acquired from the proceeds of criminal activity. The appellee is the State of Iowa. Appellants contend that the district court erred in admitting evidence in support of the forfeiture that was obtained in violation of the owner's rights under the fourth amendment to the federal constitu-

tion. Upon considering the arguments presented, we agree with this contention and reverse the order of the district court.

At the time of the forfeiture hearing, the property claimants were also defendants in a criminal prosecution charging them with possession of a controlled substance with intent to deliver. This was the criminal activity upon which the forfeiture was being predicated. Evidence obtained by law enforcement officers during the criminal investigation and used in support of the forfeiture application included several items of property seized from the residence of Sharon Garcia, known at the time as Sharon Flowers. The items seized included a quantity of crack cocaine, a significant amount of marijuana, some of which was separated into individual baggies, a cutting agent, a scale, five syringes, a propane torch, a .32 caliber revolver, several boxes of ammunition, and $1982 in cash. The State filed an application to forfeit these items. The property owners moved for return of all of the seized property except for the controlled substances, the gun, and the ammunition.[1]

■ Seizure of the challenged evidence by law enforcement officers was purportedly undertaken pursuant to a search warrant for the Flowers' premises. The district court determined, however, at a suppression hearing conducted in connection with the criminal charge, that the warrant had been obtained as a result of false statements concerning information supplied by an informant, that probable cause was absent if the informant's statements were excised, and that the officers had not acted in good faith. Consequently, evidence obtained during the search of Sharon Garcia's residence and evidence derived therefrom was suppressed for purposes of the criminal proceeding. The issue raised in the present appeal is whether that determination should also provide for exclusion of this constitutionally infirm evidence for

purposes of the forfeiture proceeding. The district court held that it should not.[2]

In finding that no exclusionary rule applies in forfeiture proceedings, the district court relied on our decision in *In re Property Seized on January 31, 1983*, 362 N.W.2d 565, 568 (Iowa 1985). In that case, we indicated that a constitutional infirmity in the initial seizure of forfeitable property does not necessarily bar its forfeiture pursuant to statute. As appellants correctly note, however, we issued the following caveat in that case.

> As a caveat, we are not passing on the admissibility of evidence that provides proof of grounds for forfeiture. Our holding is limited here to a fact situation in which the grounds for forfeiture, the illegal use of the vehicle to transport cocaine, were discovered by entirely lawful means.

*Id.* at 569.

Appellants suggest that the fourth amendment issue presented has been resolved adversely to the State in *One 1958 Plymouth Sedan v. Commonwealth*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965). In that case, enforcement officers of the Pennsylvania Liquor Control Board conducted a search of a motor vehicle in violation of the fourth amendment. The search produced thirty-one cases of liquor upon which the required Pennsylvania tax had not been paid. The Pennsylvania trial court suppressed the Commonwealth's evidence at the forfeiture proceeding on fourth amendment grounds. An appellate court reversed that decision.

The Supreme Court reversed the Pennsylvania appellate court, holding that an exclusionary rule does exist in civil forfeiture proceedings. In so holding, the court observed that "forfeiture is clearly a penalty for the criminal offense" and "[i]t would be anomalous indeed, under these circumstances, to hold that in the criminal proceeding the illegally seized evidence is ex-

---

1. In a related forfeiture proceeding, the State also sought to forfeit an automobile of these property claimants on the ground that it had been acquired through or used in connection with criminal activity. The district court rejected that effort.

2. The State does not challenge on this appeal the findings upon which the evidence was suppressed in the criminal case. It only contends that because the forfeiture proceeding is civil in nature no exclusionary rule applies to evidence illegally obtained.

cludable, while in the forfeiture proceeding, requiring the determination that the criminal law has been violated, the same evidence would be admissible." *Id.* at 701, 85 S.Ct. at 1251, 14 L.Ed.2d at 175 (footnote omitted).

*Plymouth Sedan* has been widely cited for the proposition that the exclusionary rule applies to forfeiture proceedings. *See, e.g., United States v. One 1978 Mercedes Benz,* 711 F.2d 1297, 1303 (5th Cir.1983); *United States v. Eighty–Eight Thousand, Five Hundred Dollars,* 671 F.2d 293, 297 (8th Cir.1982); *United States v. One (1) Harley–Davidson Motorcycle,* 508 F.2d 351, 351 (9th Cir.1974); *Kaiser v. State,* 296 Ark. 125, 127, 752 S.W.2d 271, 272 (1988); *People v. Superior Court,* 210 Cal. App.3d 592, 598–99, 258 Cal.Rptr. 499, 503 (1989); *In re Forfeiture of $62,000,* 531 So.2d 352, 354 (Fla.Dist.Ct.App.1988); *People v. Zimmerman,* 44 Ill.App.3d 601, 604, 3 Ill.Dec. 317, 320, 358 N.E.2d 715, 718 (1976); *Sheetz v. Mayor and City Council,* 315 Md. 208, 212, 553 A.2d 1281, 1283 (1989); *State v. One 1987 Toyota Pickup,* 233 Neb. 670, 677, 447 N.W.2d 243, 248 (1989); *State v. $199,167,* 227 N.J.Super. 524, 526–27, 547 A.2d 1177, 1178 (1988); *Leogrande v. State Liquor Authority,* 25 A.D.2d 225, 231, 268 N.Y.S.2d 433, 440 (1966); *State v. Western Capital Corp.,* 290 N.W.2d 467, 472 (S.D.1980).

In *United States v. Janis,* 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976), the Supreme Court, in a civil tax claim brought by the federal government to recover deficiencies, held that the exclusionary rule did not preclude the use of illegally obtained evidence which had been excluded in a criminal prosecution growing out of the same transaction. In so doing, however, the Court cited *Plymouth Sedan* and implicitly reinforced the distinction that case established between ordinary civil proceedings and forfeiture proceedings. *Janis,* 428 U.S. at 447 n. 17, 96 S.Ct. at 3029 n. 17, 49 L.Ed.2d at 1057 n. 17. We are not unaware that, since the time the *Plymouth Sedan* and *Janis* cases were decided, some reshaping has occurred in fourth amendment jurisprudence involving the exclusionary rule. We are unwilling to anticipate the demise of *Plymouth Sedan,* however, in the absence of a clear indication from the Supreme Court that it is no longer to be followed.

We hold the fact that property otherwise forfeitable has been seized in violation of the fourth amendment to the federal constitution is not a bar to forfeiture. In establishing a right to forfeiture, however, the State may not rely on evidence obtained in violation of fourth amendment protections nor derived from such violations. Our holding requires that the district court's order be reversed.

We need not consider the property claimants' additional argument that their rights guaranteed by the fifth amendment to the federal constitution were also violated by the district court's willingness to draw adverse inferences from their reliance on fifth amendment privilege while testifying at the hearing. It appears that the inferences would, in the present case, be derivative of the underlying fourth amendment violation and should not be considered on that basis.

The judgment of the district court is reversed and the case remanded to that court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.