2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John L. PASCUCCI, Defendant-Appellant.
 No. 92-10698.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 4, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these companion cases, John L. Pascucci appeals pro se the district court's denial of his Fed.R.Crim.P. 41(e) motion to return confiscated property seized from his home and office, and the denial of his motion for reconsideration of the court's initial denial of his "motion requesting recusal of judge for bias or prejudice." Pascucci was previously convicted following a jury trial for transmitting in interstate commerce a communication threatening to injure the reputation of another and attempted extortion affecting interstate commerce. Pascucci appealed his convictions and sentence and this court affirmed. See United States v. Pascucci, 943 F.2d 1032 (9th Cir.1991). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Rule 41(e) Motion
 
 
 4
 Pascucci argues the district court erred by denying his Rule 41(e) motion because he was entitled to lawful possession of confiscated property from his home and office which was used during his bail revocation proceeding and jury trial. We disagree.
 
 
 5
 We review de novo the district court's denial of a Rule 41(e) motion. United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993).
 
 
 6
 "To prevail on a Rule 41(e) motion, a criminal defendant must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." United States v. Van Cauwenberghe, 827 F.2d 424, 433 (9th Cir.1987), cert. denied, 484 U.S. 1042 (1988); accord Fed.R.Crim.P. 41(e) advisory committee's notes ("[C]ontraband ... is not to be returned.").
 
 
 7
 Here, Deputy United States Marshal Kelly Jo Murphy and Stephen Gieck, a married businessman, met in a hotel bar and drove to Murphy's apartment where they engaged in numerous sexual acts. Without their knowledge, Pascucci, then a chief inspector of the United States Marshal's service, tape recorded Murphy's and Gieck's conversation in the bar and the car, and their sexual encounter in the apartment. Pascucci then harassed Gieck and his wife by making numerous telephone calls regarding the one-night affair. Pascucci requested $5,000 to end the harassment. Subsequently, undercover officers set up a sting operation and arrested him.
 
 
 8
 In his "motion to return confiscated property," Pascucci requested that:
 
 
 9
 [A]ll property seized from Defendant as a result of search warrant executed on his home ... and his office at the U.S. Marshall's [sic] Headquarters, ... as well as property seized without a warrant, either admitted into evidence at his trial or intended to be admitted into evidence at trial. The Defendant further request that the property submitted into evidence at the hearing on the Government's motion to Revoke Bail ... be returned as well.
 
 
 10
 The government returned all property with the exception of a typewriter, tapes, and photographs. The ribbon of the typewriter contained a message which was identical to wording received in a letter from an extortionist to Murphy. The photographs depicted explicit pictures of Pascucci, Murphy and a police chief engaging in sexual acts. The tapes were also of activities between Pascucci, Murphy and the police chief. Pascucci had given both the photographs and the tapes to a television commentator in retaliation against the police chief.
 
 
 11
 The district court summarily denied Pascucci's request for return of the confiscated property. There is no error. Although the confiscated property was not inherently illegal, the property constituted "derivative contraband" based upon Pascucci's illegal usage. See United States v. One (1) 1971 Harley-Davidson Motor., 508 F.2d 351, 352 (9th Cir.1974) (per curiam) (Harley-Davidson ); United States v. McCormick, 502 F.2d 281, 288 (9th Cir.1974). Because the confiscated property was "derivative contraband," the district court properly determined that the property was subject to forfeiture. See Harley-Davidson, 508 F.2d at 352.
 
 II
 Motion for Recusal
 
 12
 Pascucci argues that Chief Judge William D. Browning erred by denying his motion to recuse Judge Bilby, who presided over the trial, sentencing, and post-conviction proceedings, from future proceedings. The government argues the district court lacked jurisdiction to consider the motion because the issue was moot.
 
 
 13
 We review de novo a district court's assumption of jurisdiction. United States v. Neville, 985 F.2d 992, 994 (9th Cir.), cert. denied, 113 S.Ct. 2425 (1993).
 
 
 14
 "A moot action is one where the issues are no longer live or the parties lack a legally cognizable interest in the outcome. Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985) (citation omitted), cert. denied, 475 U.S. 1019 (1986).
 
 
 15
 Here, subsequent to Pascucci's conviction and sentence, and adverse judgments on his two post-conviction motions, Pascucci filed a motion to recuse Judge Bilby from future proceedings "because the judge's impartiality might reasonably be questioned due to bias or prejudice." Chief Judge Browning entertained but denied the motion.
 
 
 16
 Pascucci's recusal motion was moot, however, because it concerned possible future proceedings before Judge Bilby, rather than an actual case or controversy. See Sample, 771 F.2d at 1338. The court therefore lacked jurisdiction to entertain the motion. See id. Accordingly, for the reasons stated, we affirm the court's denial of the recusal motion.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3