The People of the State of Illinois, Plaintiff-Appellee, *v.* Leonard E. Collier, Defendant—(Floyd Baumgardner, Petitioner-Appellant.)

(No. 11416; ▮▮▮▮▮▮▮▮▮▮)

Fourth District—February 1, 1972.

[REDACTED]

Thomson, Thomson & Mirza, of Bloomington, for appellant.

Paul R. Welch, State's Attorney, of Bloomington, (John A. Beyer, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Petitioner, Baumgardner, sought to obtain possession of two described shotguns alleging that he was the assignee of Leonard Collier and John Collier, the respective owners.

The record discloses that certain deputy sheriffs had been called to the home of Leonard Collier concerning a domestic disturbance and that he had pointed a shotgun at a deputy. The deputy seized a shotgun owned by Leonard Collier and also a shotgun left at the home by John Collier, son of Leonard. Leonard Collier was convicted of aggravated assault.

His subsequent petition for return of the guns was denied. The docket shows that on motion of the State's Attorney, the "(C)are and custody of evidence is transferred from the Circuit Clerk to Sheriff of McLean County pending further proceedings."

An initial issue of the timeliness of this appeal has been resolved with the filing of a supplemental record.

The trial court denied Baumgardner's petition and made a finding of fact that the weapons were subject to forfeiture as contraband items employed in the commission of a criminal offense. He appeals.

■■ The proceedings for possession of the shotguns so held are

civil proceedings of an *in rem* nature. (*Glennon v. Britton*, 155 Ill. 232, 40 N.E. 594; *People v. Kapande*, 23 Ill.2d 230, 177 N.E.2d 825.) The matters at issue primarily concern a property right rather than a criminal proceeding. *People v. Moore*, 410 Ill. 241, 102 N.E.2d 146.

■■ The court's finding that the shotguns are to be deemed contraband is not supported by law or statute. In *Moore*, the Supreme Court adopted language defining contraband as property which cannot be owned or possessed legally, or which can be used only in the commission of crime. Historically, forged documents or counterfeit currency were deemed contraband. In *Glennon v. Britton*, 155 Ill. 232 at p. 242, it is said:

"Certain articles or things customarily regarded as property when lawfully acquired and used for a lawful purpose, may, by proper statutory enactment, cease to be so treated, and become liable to seizure, forfeiture and destruction, if they or their use are deemed pernicious or dangerous to the public welfare."

■■ Neither the court nor counsel, in their briefs, seem to have turned to the provisions of the Criminal Code relating to the forfeiture of firearms. Ill. Rev. Stat. 1967, ch. 38, par. 24—6(a) provides:

"Upon conviction of a violation of Section 24—1 or Section 24—3.1 of this Article, any weapon seized shall be confiscated by the trial court."

. The provisions of Par. 24—1 relevant to firearms are in summary paraphrase: Sub-par. (4) carrying a firearm concealed in a vehicle or on the person except when the individual is on his own premises; Sub-par. (7) possessing any weapon capable of discharging more than eight bullets by a single function of the firing device, or a shotgun with a barrel less than 18 inches in length; Sub-par. (8) carrying or possessing any firearms in a place licensed to sell liquor or at a public gathering; or Sub-par. (9) carrying or possessing a firearm in a vehicle or on the person while hooded, robed or masked.

Par. 24—3.1 is, by its terms, directed to the unlawful possession of firearms, (1) the possession of a firearm which may be concealed upon the person by one under 18 years of age; (2) possession of any firearm by a person under 21 years of age who has been convicted of a misdemeanor or adjudged delinquent; (3) possession of a firearm by a person within five years of a conviction for felony or within five years from release from the penitentiary; (4) possession of a firearm by a narcotic addict; (5) possession of a firearm by an individual who has been a patient in a mental hospital within the past three years or (6) possession of a firearm by one who is mentally retarded.

This record discloses none of the statutory conditions which authorizes confiscation of these weapons. Upon the authority cited the finding of

the trial court that the weapons were to be deemed contraband is contrary to law. The order of the court below is reversed and the cause is remanded with directions to order the return of the described weapons to their lawful owner or owners.

Reversed and remanded with directions.

SMITH and CRAVEN, JJ., concur.