THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK M. STANKOVICH, Defendant-Appellant—(THE CITY OF EVANSTON, Intervenor-Appellee.)

(No. 59524;

First District (5th Division)—May 17, 1974.

Douglas W. Graham, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr. and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant appeals from the denial of his petition to vacate an order for the destruction of a gun which had been seized by police at the time of his arrest for unlawful use of a weapon. (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a).) He contends that the court below did not have the authority to issue such an order.

Defendant was arrested by the Evanston Police Department and prosecuted pursuant to an amended complaint alleging that he "knowingly possessed a Game Getter shotgun * * * with a barrel length of less than 18 inches with the intent to use said weapon unlawfully against" Officer James Smith and two other individuals. The weapon was seized by arresting officers. Found not guilty of the criminal charges, defendant sued for recovery of the gun. During the course of the recovery proceeding he discovered that in the criminal trial the court had ordered his gun destroyed.[1] He petitioned the court to "delete the order of destruction to allow the pending civil action to proceed to a final determination of Petitioner's right to the 'Game Getter.'" He alleged that the destruction order was erroneous as a matter of law.

A hearing was held on the petition at which time defendant called James Bell, Jr., a gunsmith, as an expert witness. Bell testified that the "Game Getter" had two 12-inch barrels, that while the top barrel was rifled, the bottom barrel was not, and that the gun was capable of firing shotgun shells. He estimated that the weapon was over 50 years old and that fewer than 10,000 guns of this model had been manufactured. No other testimony was heard.

Noting that the length of the barrel and the bore determine whether a gun of this nature is "legal or illegal," the court ruled that it was unlawful for defendant to possess the "Game Getter" and denied defendant's petition and directed that the gun be destroyed.[2]

OPINION

It is defendant's contention that there is no authority for a court to confiscate a gun and order its destruction absent a showing that there

---

[1] The record does not indicate the present status of defendant's replevin action.

[2] In making this determination, the court was apparently referring to Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(7), which provides, in pertinent part, that:
"(a) A person commits the offense of unlawful use of weapons when he knowingly:
         *   *   *
(7) * * * possesses or carries * * * any shotgun with a barrel less than 18 inches in length * * *."

has been a conviction for unlawful use or unlawful possession of a weapon. (Ill. Rev. Stat. 1971, ch. 38, par. 24—6.)[3] We disagree.

The circuit court is vested by the Constitution with plenary jurisdiction to adjudicate any justiciable matter. (Ill. Const., art. VI, sec. 9.) A destruction order, of course, is necessarily dependent upon the power to confiscate. Defendant does not deny that the grant of authority found in the Constitution extends to the power of a court to order the confiscation of articles of personal property it determines to be contraband per se. (See *People v. Moore*, 410 Ill. 241, 102 N.E.2d 146; *cf.* Ill. Rev. Stat. 1971, ch. 38, par. 108—2.) Per se contraband consists of those items whose possession alone constitutes a criminal offense. (*One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693; *People v. Moore; People v. Steskal*, 55 Ill.2d 157, 302 N.E.2d 321.) Even if improperly seized, such articles need not be returned since to do so would frustrate a clear expression of public policy. *United States v. Jeffers*, 342 U.S. 48; *One 1958 Plymouth Sedan v. Pennsylvania; People v. Steskal.*

In the case at bar it was adduced at an evidentiary hearing that defendant's "Game Getter" was a firearm with a 12-inch, smooth-bore barrel capable of firing shotgun shells. In Illinois the mere possession of a shotgun with a barrel less than 18 inches in length subjects an individual to criminal liability. (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(7).) The underlying rationale of this statute is that firearms of this nature are so inherently dangerous to human life that they constitute a hazard to society. (See Committee Comments to Ill. Rev. Stat. 1971, ch. 38, art. 24.) In view of this clear expression of public policy, the trial judge was correct in holding that defendant's "Game Getter" was an "illegal" weapon. It is contraband per se and consequently the court below had the authority to order that the gun be confiscated and destroyed. The order confiscating the gun and ordering its destruction is affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.

---

[3] This provision, dealing with the confiscation and destruction of weapons, states:
"(a) Upon conviction of a violation of Section 24—1 or Section 24—3.1 of this Article, any weapon seized shall be confiscated by the trial court.
(b) * * * All other confiscated weapons when no longer needed for evidentiary purposes, shall in the discretion of the trial court, be destroyed, or preserved as property of the governmental body whose police agency seized the weapon."