CITY OF CINCINNATI, APPELLEE, v. JASPER, APPELLANT.

(No. C-74685—Decided December 1, 1975.)

*Per Curiam.* This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court; a transcript of the proceedings; and the assignments of error, briefs and oral arguments of counsel.

This appeal derives from the following factual situation. In the early morning hours of November, 1974, two officers of the Springfield Township Police Department went to the defendant's home in Hamilton County, Ohio. The officers knocked on defendant's door, identified themselves, and ordered defendant to open the door, which he did. In his right hand he held a pistol, which during trial became exhibit number 1, and a shotgun in his left hand, which during trial became exhibit number 2. The officers immediately instructed the defendant to drop the guns, an instruction with which he promptly complied. When the pistol hit the floor a round discharged which lodged in the door jamb. The pistol and shotgun were seized by the police who proceeded to search the premises "without a warrant." They retrieved several rifles and removed them from defendant's residence. The officers eventually charged the defendant with violating R. C. 2923.15, which reads as follows:

"Using weapons while intoxicated:

"(A) No person, while under the influence of alcohol

or any drug of abuse, shall carry or use any firearm or dangerous ordnance.

"(B) Whoever violates this section is guilty of using weapons while intoxicated, a misdemeanor of the first degree."

Subsequently, the defendant was tried and found guilty. The court ordered exhibit 1 (pistol) and 2 (shotgun) confiscated as well as the other rifles seized by the police. Jasper was fined three hundred dollars and costs and sentenced to ninety days in the Community Correctional Institution. The confinement portion of the sentence was suspended and the defendant placed on two years probation. Although the record is not specific in this regard, presumably it was intended that the defendant would pay his fine during the probation period.

Jasper alleges as error that:

"1. The judgment of the court in finding the defendant guilty was contrary to law and against the weight of the evidence.

"2. The confiscation of all weapons/guns removed from the defendant's residence was contrary to law."

A complete examination of the record compels us to conclude that the evidence before the trial court was more than sufficient to prove beyond a reasonable doubt all of the essential elements of the crime with which the defendant was charged and subsequently found guilty. The first assignment of error lacks merit and is overruled.

With respect to the second assignment of error, we find ourselves confronted with a record situation which does not adequately indicate the court's true intention with respect to the several rifles—other than the two exhibits—to which the court makes reference in his sentence and in his remarks from the bench in connection therewith. The record does reflect what the court intended and had authority to do with respect to exhibits 1 and 2, which were in the personal possession of the defendant at the time the officers confronted him in his home. See *Cincinnati* v. *Flaherty*, 38 Ohio Law Abs. 256, an opinion of this court, in which it was stated:

"There is no doubt that a court, having jurisdiction

to hear and decide issues of fact, has as a part of that jurisdiction the power and authority to control and dispose of tangible property introduced in evidence and thereby placed in its custody for the purposes of the action. This was true of evidential exhibits at common law. Courts have jurisdiction over their files at all times.'' (Page 259.)

However, the rifles taken by the officers from locations throughout the defendant's home, and which at no time became exhibits in the case, seem to us to enjoy a posture different than exhibits 1 and 2. Impreciseness in the sentencing makes it impossible for us to ascertain whether the trial court intended to confiscate those rifles which did not become exhibits. We have grave doubts whether the trial court possessed authority to confiscate the non-exhibits. However, if it were the court's intention, in view of the nature of the crime of which the defendant was found guilty, to establish as a condition of his probation that the additional rifles be surrendered during the probationary period, or that they be disposed of by the defendant, there is presented facially lawfully acceptable probation conditions.*

We sustain the second assignment of error to the extent that we remand this case to the trial court for further proceedings pursuant to this decision—specifically, a reexamination by the court of its disposition of the non-exhibit rifles.

*Judgment reversed and cause remanded.*

SHANNON, P. J., PALMER and KEEFE, JJ., concur.

---

*We feel constrained to note that if the trial court in an exercise of his discretion should decide to include the non-exhibit rifles in his probation conditions, he would seem to have authority to remove them from the defendant during the probation period or require him to dispose of them, presumably through sale, the proceeds of which would accrue to the defendant. However, there is a genuine question whether the trial court, even as a condition of probation, could out-and-out confiscate those particular rifles which were not exhibits.