THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAMUEL EARL, Defendant-Appellant.

Third District   No. 3—83—0333

Opinion filed January 19, 1984.

Timothy J. Rathbun, of McKeown, Fitzgerald, Zollner, Buck, Sangmeister & Hutchison, of Joliet, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

This is an appeal by defendant Samuel Earl from an order of the circuit court of Will County for the destruction of guns which were

seized at the time of defendant's arrest.

The defendant was charged with unlawful use of weapons in violation of section 24—1(a)(4) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 24—1(a)(4)), and several traffic offenses—including driving while under the influence of alcohol, failure to stop at a stop sign, improper lane usage and resisting a peace officer—as a consequence of the defendant's driving activities and subsequent conduct in the early morning of October 30, 1982. He was tried by a jury and found not guilty of all charges except for unlawful use of a weapon.

The gun which formed the basis for the conviction was a 9-mm. automatic Smith & Wesson pistol located within the passenger compartment of the defendant's car on the floor near the driver's seat. Following the defendant's arrest on October 30, while the defendant was being taken to the hospital for medical attention, the car's trunk was searched and its contents, including ammunition and 10 other firearms, were inventoried and delivered to the evidence locker at the Will County jail where the defendant was held pending the setting of bond. The latter firearms formed the basis for no charges and were neither admitted into evidence nor referred to in testimony at the defendant's trial.

When the verdict was announced, the defendant moved for return of all weapons that were found in the trunk. Testimony at the hearing on the motion established that two of the guns in the trunk belonged to third parties, and the remainder of the guns found in the trunk were property of the defendant. The court ordered the police to return the two guns to their rightful owners and to turn the others over to the sheriff for destruction. This appeal followed.

The issue before us is apparently one of first impression in the reviewing courts of Illinois. Essentially, we are asked to interpret section 24—6 of the Criminal Code of 1961, as amended (Ill. Rev. Stat. 1981, ch. 38, par. 24—6), to determine whether the firearms found in the trunk of the defendant's car were proper subjects for an order of forfeiture. That section reads as follows:

"(a) Upon conviction of *an offense in which a weapon was used or possessed by the offender,* any weapon seized shall be confiscated by the trial court.

(b) Any stolen weapon so confiscated, when no longer needed for evidentiary purposes, shall be returned to the person entitled to possession if known. All other confiscated weapons after the disposition of a criminal case and when no longer needed for evidentiary purposes, and when in due course no legitimate claim has been made for such weapons, the court may

transfer such weapons to the sheriff of the county who shall proceed to destroy them, or may in its discretion order such weapons preserved as property of the governmental body whose police agency seized the weapon. If, after the disposition of a criminal case, a need still exists for the use of said confiscated weapons for evidentiary purposes, the court may transfer such weapons to the custody of the State Department of Corrections for preservation." (Emphasis added.)

The State's authority to confiscate and destroy the defendant's property must be found, if at all, in section 24—6. *Cf. People v. Stankovich* (1974), 20 Ill. App. 3d 162, 313 N.E.2d 276 (authority for confiscation and destruction of sawed-off shotgun found in article VI, section 9 of the 1970 Illinois Constitution).

The defendant contends that both the language of the statute and case law require return of weapons to him in this case. In support of his position, the defendant asserts that unrebutted testimony at the hearing on his motion established that he was the owner of the weapons in question and that he could, as such, make legitimate claim to them, and that the weapons found in the trunk were not used in connection with any illegal activity for which he was convicted.

The State contends that the guns removed from the trunk of defendant's car qualify as "any weapons seized" and for which "no legitimate claim has been made" and thus may be destroyed pursuant to the plain language of the statute. For purposes of its argument, the State equates "any weapons seized" with "every weapon seized." The State concedes that there is neither case law nor a clear expression in the statute of the meaning of "legitimate claim," but opines that the legislature must have intended the claim to have been made by some person *other than a defendant* who, as here, stands convicted of "an offense in which a weapon was used or possessed."

The State takes the position that under current law a forfeiture order may issue for every weapon seized, regardless of whether the weapons were in any respect related to the commission of an offense, so long as a conviction is obtained against the defendant and the offense was one in which a weapon was used or possessed during its commission. In urging an affirmance of the trial court's order of destruction in this case, the State points out that section 24—6 was amended by Public Act 81—927 effective January 1, 1980, to extend its reach beyond that of the former version.

Prior to the enactment of Public Act 81—927, section 24—6 forfeitures (Ill. Rev. Stat. 1977, ch. 38, par. 24—6) applied only to weapons used in the commission of the offenses stated in section 24—1 (un-

lawful use of weapons) (Ill. Rev. Stat. 1977, ch. 38, par. 24—1) and 24—3.1 (unlawful possession of firearms and firearm ammunition) (Ill. Rev. Stat. 1977, ch. 38, par. 24—3.1). The former statute contained all of the language that now appears, except for that portion which we have underscored in sub-paragraph (a) quoted above. In lieu of "an offense in which a weapon was used or possessed by the offender," the prior version read "a violation of Section 24—1 or Section 24—3.1 of this Article" (Ill. Rev. Stat. 1977, ch. 38, par. 24—6). Consequently, under the prior statute, a conviction of aggravated assault with a shotgun would not support an order of forfeiture. *People v. Collier* (1972), 3 Ill. App. 3d 610, 278 N.E.2d 167.

The enactment of Public Act 81—927 remedied what was properly viewed as a miscarriage of justice. Obviously, there is at least as much justification for confiscating and destroying weapons used in the commission of aggravated assault, battery, murder, armed robbery or other crimes in which weapons are used for illegal conduct as there is for confiscating and destroying weapons used in the commission of offenses described under the unlawful use and possession of weapons statutes. The statute in its present form clearly authorizes forfeitures of weapons used in the commission of all of these crimes. We fail to see, however, how passage of Public Act 81—927 can be said to support the State's position here, inasmuch as the offense for which a conviction was obtained in the present case was unlawful use of a weapon, a qualifying offense under either version of the statute. If the State's construction of "any weapon seized" and "legitimate claim" were accurate, then the firearms seized from the trunk of this defendant's car would have been fair game for a forfeiture order under the former version as well. However, since these phrases do not appear to have been construed in a factually analogous case in Illinois decided before or after passage of Public Act 81—927, we must consider the parties' arguments and determine what the legislature meant by the phrases, applying appropriate rules of construction and relevant case law.

The forfeiture proceeding described in section 24—6 may be most accurately described as quasi-criminal. Although civil in form, it is criminal in nature since its only objective is to penalize unlawful activity. (*People v. Mudd* (1977), 54 Ill. App. 3d 603, 370 N.E.2d 37.) In construing the statute, we are mindful of the general principle that forfeitures of property are not favored in the law and statutes authorizing forfeitures must be strictly construed. Initially, we do not believe that the legislature intended to focus on the character of the claimant to determine whether a "legitimate claim" for return of the

weapon has been made, but, rather, on the character of the weapon vis-a-vis the person claiming to have the right to possession. We believe that the legislature intended to approve the confiscation and destruction of unlawful weapons (contraband *per se*) and those weapons used or possessed in connection with crime committed by the person claiming the right to possession (derivative contraband). Thus, no "legitimate claim" can be made for weapons which are contraband *per se,* since mere possession of such weapons is unlawful. By contrast, weapons which are derivative contraband, that is, used in illegal activity but not inherently unlawful, are returnable to persons having a right to possess them and who have not been convicted of illegal activity involving their use or possession. And, weapons which are neither contraband *per se* nor derivative contraband are returnable to persons establishing their possessory rights to them. See *Biggs v. State* (Tenn. 1960), 341 S.W.2d 737.

With respect to the 9-mm. automatic pistol found in the passenger compartment of the defendant's car, it is clear that the weapon falls within the definition of derivative contraband. Mere possession of such a weapon is not unlawful in Illinois. However, in this case, the defendant's conviction of unlawful use of a weapon established that it was used or possessed in illegal activity. Further evidence at the hearing on the defendant's motion for return of weapons established that the 9-mm. pistol was stolen. Consequently, the weapon was returnable to its owner, who was not convicted of illegal activity involving its use or possession. The trial judge correctly excluded that weapon from the order of destruction, as well as the two firearms seized from the trunk of defendant's car which the defendant testified were the property of third persons.

The remaining guns were property of the defendant and returnable to him since they were neither contraband *per se* nor derivative contraband. Even though the defendant was convicted of the statutory offense of unlawful use of weapons for "knowingly carrying in any vehicle" a firearm in violation of section 24—1(a)(4) of the Criminal Code, it cannot be said that any of the firearms in the defendant's trunk were used in the commission of that offense, since the "[t]ransportation of weapons *** not immediately accessible" has been specifically exempted from the offense defined in section 24—1(a)(4). (Ill. Rev. Stat. 1981, ch. 38, par. 24—2(b)(4); see *People v. Reed* (1979), 72 Ill. App. 3d 405, 390 N.E.2d 962 (defendant's conviction under section 24—1(a)(10) reversed where weapon forming basis for conviction was seized from the trunk of defendant's car).) The State does not dispute that these weapons were not contraband *per se,* but posits that the

definition of derivative contraband includes every weapon seized from a defendant who is later convicted of any weapon-related offense. We cannot agree.

The State's overbroad construction would permit forfeiture orders to issue for a wide variety of innocently possessed, noncontraband items which have potential for use as weapons merely upon obtaining a weapon-related conviction. The folly of the State's reasoning is readily demonstrated by example. If, for instance, a defendant were found guilty of assault and aggravated battery and he were arrested in his own home, all knives, gun collections, bludgeons and all other potential weapons that the officers elected to seize, even though neither actually used nor even contemplated for use in the commission of the illegal activity, would nonetheless, under the State's view, be subject to forfeiture. Quite clearly the legislature did not intend such a result. We have serious doubts that such a forfeiture statute, if enacted, could ever withstand constitutional challenge. (See *City of Cincinnati v. Jasper* (1975), 46 Ohio App. 2d 276, 349 N.E.2d 332.) We hold, therefore, that the court's authority to confiscate and destroy weapons under section 24—6 is limited to those weapons which are contraband *per se* or derivative contraband used or possessed in an unlawful manner as determined by a defendant's conviction of an offense involving the particular weapon(s) being considered for destruction.

For the reasons stated, the order of the trial court for destruction of the defendant's firearms is reversed and this cause is remanded with directions to enter an order for the return of the defendant's property to him.

Reversed and remanded with directions.

STOUDER, P.J., and ALLOY, J., concur.