THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL "BILLY" LeSHOURE *et al.,* Defendants (Michael "Billy" LeShoure, Appellant).

Fourth District   No. 4—85—0628

Opinion filed May 21, 1986.

Greaves, Lerner & Kirchner, of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Linda Welge, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On February 13, 1985, following a jury trial in the circuit court of Champaign County, defendant, Michael LeShoure, was convicted of calculated criminal drug conspiracy, unlawful manufacture of a controlled substance (heroin), unlawful manufacture of a controlled substance (cocaine), and unlawful possession of a controlled substance with intent to deliver (heroin). Sentences were then imposed. On defendant's appeal to this court, we affirmed all convictions and sentences except that for the conspiracy charge. *People v. LeShoure* (1985), 139 Ill. App. 3d 356, 487 N.E.2d 681, *appeal denied* (1986), 111 Ill. 2d 592.

On March 5, 1985, the State filed petitions in the circuit court requesting forfeiture of various items of personal property and weapons and ammunition seized from defendants' house at the time of defendants' arrest for the crimes charged. The petitions were directed against defendant and codefendants, Clendora LeShoure and Lawrence McGowan, the criminal charges against whom had been severed for trial. A supplement to the previous petitions was filed on April 19, 1985. Various proceedings, later described in more detail, took place. Eventually, on May 16, 1985, the court entered a judgment for forfeiture. On August 23, 1985, the court denied post-judgment motions of various defendants. Defendant Michael LeShoure has appealed. We affirm except in regard to the firearms and ammunition.

On appeal defendant maintains: (1) The legislation upon which the forfeiture of items other than firearms and ammunition was based was unconstitutional for failure to prescribe a procedure which would include such necessary elements of due process as notice; (2) the evidence was insufficient to support an order of forfeiture; (3) the items subject to forfeiture had been seized in a manner violative of defendant's constitutional rights; (4) the order of forfeiture for the weapons and ammunitions was erroneous; and (5) the order for forfeiture was entered in such a manner as to deny defendant due process.

We determine that as far as the State and the defendant are concerned, the forfeiture proceeding was a continuation of the prosecution and the evidence before the court at the trial of the criminal charges was before the court in the forfeiture proceedings. We direct the reader to our opinion on appeal from the criminal convictions for a more lengthy recitation of the facts. As indicated there, upon making a search of defendants' house, police seized large quantities of electronic equipment, wood carving items, boxes of telephones, jew-

elry, and furniture, as well as guns and ammunition. Because of the quantity and placement of these items, an inference arose that these items had been taken by defendant in exchange for controlled substances. Some items had been identified by witnesses as having been stolen from them. Evidence was introduced of a practice of persons stealing, robbing, or burglarizing in order to obtain the consideration for the purchase of controlled substances. At the hearing on the request for forfeiture, the defendant stipulated that the items for which forfeiture was sought had been seized from defendants' home at the time of defendants' arrest.

Forfeiture of the foregoing items other than the firearms and ammunition was ordered pursuant to section 505(a)(5) of the Illinois Controlled Substances Act (Act) which states in part:

"(a) The following are subject to forfeiture:

\* \* \*

(5) everything of value furnished, or intended to be furnished, in exchange for a substance in violation of this Act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used, or intended to be used, to facilitate any violation of this Act; \* \* \*." Ill. Rev. Stat. 1983, ch. 56½, par. 1505(a)(5).

Section 505(a)(5) is part of article V of the Act (Ill. Rev. Stat. 1983, ch. 56½, pars. 1501 through 1509) which is entitled "Enforcement and Administration of Act," and, in addition to forfeiture, the article covers the duties of the Departments of Education and Registration and Law Enforcement under the Act, the application of the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1983, ch. 127, par. 1001 et seq.) and the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3–101 et seq.) to the Act, administrative and inspection warrants, injunctions, cooperation with Federal agencies, research on controlled substances, and periodic tests as a condition of probation and parole as well as forfeiture. Despite the fact that most of article V concerns the duties of and proceedings before various code departments, that does not mean that section 505(a)(5) envisions forfeiture proceedings as being administrative proceedings. Section 505(d) provides that property taken "under this Section \* \* \* is deemed to be in the custody of the Director subject only to the order and judgments of the circuit court having jurisdiction over the forfeiture proceedings." (Ill. Rev. Stat. 1983, ch. 56½, par. 1505(d).) However, the "Director" may have the sheriff of the county where the contraband is seized retain custody of the contraband. (Ill. Rev. Stat. 1983, ch. 56½, par. 1505(d)(3).) Section 505 contemplates a for-

feiture proceeding brought in the circuit court of the county where the seizure took place.

Neither section 505(a)(5) nor any other provision of the Illinois Controlled Substances Act give any indication of the nature of the forfeiture proceedings envisioned. Because of this lack, particularly the lack of any requirement for notice to interested parties, defendant maintains that any proceeding based on section 505(a)(5) is unconstitutional. Under prior decisions and those of other jurisdictions, defendant's point would be well taken. In *People v. Marquis* (1919), 291 Ill. 121, 125 N.E. 757, legislation purporting to authorize the forfeiture of vehicles used in the transportation of liquor was held to be invalid. The statute merely provided for summary proceedings but was silent as to notice required to be given to the defendant in forfeiture. The imperfection was held to vitiate the forfeiture proceeding even though reasonable notice had been given to the defendant.

Similarly, in *People v. Gale* (1930), 339 Ill. 162, 171 N.E. 186, a statute provided for a procedure for summary hearings to determine whether automobiles whose engine number had been altered should be disposed of. The legislation was held to deprive owners of due process because of the lack of requirements for pleading or notice to interested parties. See also *Murphy v. Matheson* (10th Cir. 1984), 742 F.2d 564; *Hughes v. Neth* (1978), 80 Cal. App. 3d 952, 146 Cal. Rptr. 37.

However, in *Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill. 2d 556, 224 N.E.2d 236, and *Durkin v. Hey* (1941), 376 Ill. 292, 33 N.E.2d 463, the supreme court has taken a different view of legislation providing for a statutory proceeding which does not spell out a procedure consistent with due process which must be followed. Decisions under those procedures were upheld when procedural due process was actually offered the litigants. In *Buccieri,* an order requiring persons to obey subpoenas was upheld although based on a statute which authorized the plaintiff commission to obtain court aid in requiring witnesses to appear but did not set down the procedure for doing so. The court concluded that the legislature had envisioned a hearing where proper notice was given and the elements of due process observed. The court expressly rejected the theory of *Marquis* and *Gale* that the statute had to spell out the procedure. The court followed *Durkin* where that court had held that legislation providing for an application to the circuit court for production of books and documents assumed that due notice and proper hearing would be required. The court also cited *People ex rel. Joyce v. Strassheim* (1909), 242 Ill. 359, 90 N.E. 118, where a statute concerning parole had

been construed to require a proper hearing before a certain decision could be reached.

■ Particularly, in view of the rejection of the doctrine of *Marquis* and *Gale* in *Buccieri,* we conclude that proceedings held under section 505(c)(5) meet constitutional muster when, as here, the proceedings are commenced by a petition, proper notice is given, and they are conducted in a traditional manner for court proceedings. (See also *State of Kansas v. One 1978 Chevrolet Corvette* (1983), 8 Kan. App. 2d 747, 667 P.2d 893.) Defendant contends that the purport of *Buccieri* is to merely reject the theory of *Marquis* and *Gale* in proceedings other than those for forfeiture. However, the thrust of *Buccieri* is that the requirement for notice and ordinary proceedings is inferred from the legislation. That inference can arise in regard to proceedings for forfeiture as well as in those concerning personal liberty, as in *Buccieri.*

■ We consider next the sufficiency of the evidence to support the entry of the order of forfeiture of the items other than guns and ammunition. Clearly, the State needed to prove its right only by the civil standard of a preponderance of the evidence (*People v. Moore* (1951), 410 Ill. 241, 102 N.E.2d 146; *People v. Snyder* (1977), 52 Ill. App. 3d 612, 367 N.E.2d 752), and we should overturn the decision of the trial court only if it is contrary to the manifest weight of the evidence (52 Ill. App. 3d 612, 367 N.E.2d 752). The proof that the foregoing items were taken in exchange for controlled substances lies in the circumstances that they were, for the most part, in large quantities, left in places around the house where they would not have been if purchased by the defendant or his family for domestic use, and that many of them had attached tags from stores from which they had been stolen. The inference that these items were taken as payment for controlled substances was also supported by the finding of large quantities of money on the premises.

Some uncertainty would exist as to some items seized in the house but the fact that they were near items that had clearly been taken in exchange for controlled substances creates some inference that they were obtained in the same manner. The evidence was not such as to make it clearly evident that any of the items in question were not obtained as payment for a controlled substance. The proof was sufficient to support the forfeiture of the items other than the firearms and ammunition.

■ Defendant's contentions that the foregoing items were illegally seized are the same as those made in the appeal of his convictions and sentences. We need not decide whether our partial affirm-

ance of the trial court decision wherein we upheld the trial court's rulings on the propriety of the search and seizure involved has *res judicata* or law of the case effect. We now reject defendant's contentions for the reasons stated in our opinion in the criminal case. We also note that in forfeiture proceedings, the exclusionary rule, which is at the heart of defendant's contentions, may not be applicable. See 1 W. LaFave, Search & Seizure sec. 1.5(a) (1978).

The firearms and ammunition present a somewhat different situation. Some were listed in the petition as supplemented to sell property taken in exchange for controlled substances. As far as any of those items are concerned, the same proof which supported the forfeiture of the other items support their forfeiture. As to firearms and ammunition not so listed, their forfeiture was based only on the petition filed March 5, 1985, which requested their forfeiture because returning them to defendant or his codefendants would be improper because they had been convicted of felonies and could not lawfully possess the items. However, the fact that the items cannot be used by them does not entitle the State to forfeiture of the items. The defendant could convey his interest to someone who could possess them. The weapons were not contraband *per se*.

Section 24—6(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 24—6(a)) provides that "[u]pon conviction of an offense in which a weapon was used or possessed by the offender, any weapon seized shall be confiscated by the trial court." There is no contention that a weapon was used in any of the offenses for which defendant was convicted. The Third District has interpreted the statute to require that the weapon be used or possessed in the commission of the offense of which the defendant was convicted before confiscation is permitted. The fact that the weapon was seized in connection with the arrest for an offense committed by the use or possession of another weapon has been held to be insufficient to authorize confiscation. (*People v. Earl* (1984), 121 Ill. App. 3d 254, 459 N.E.2d 342.) There, the weapons in issue were in the trunk of defendant's car when he illegally possessed another weapon which was near him in the front seat. Here, any possession by defendant of the weapons in his house was no more closely related to the offenses for which he was convicted than were the weapons in the trunk of the defendant's vehicle in *Earl*. In any event, the State's petition did not seek forfeiture on the basis of any connection between the weapons listed in the separate petition and the offenses with which defendant was convicted.

■ Firearms and ammunition not listed in the petition, as sup-

plemented, seeking forfeiture under section 505(a)(5) of the Controlled Substances Act should not have been forfeited. If they have not been sold, they should be given to any designee of defendant who can lawfully possess them. If they have been sold, the proceeds should be remitted to defendant. The defense had stated in the trial court that it agreed to sale of items if it would receive the proceeds.

■ Finally, we consider the most troublesome aspect of the case. An evidentiary hearing was held on the pending forfeiture petitions on April 14, 1985. At the conclusion of the presentation of the State's evidence, the defense moved for a finding in its favor. The court indicated that it had some uncertainty as to whether all of the items for which forfeiture was sought should be ordered forfeited although it felt very certain that most should be forfeited. The court then pronounced an interlocutory order placing the various items of personal property in the custody of the sheriff until further order of the court. The court also suggested to the defense that it would be glad to consider a written itemized request of the defense as to particular items which could be shown to not have been received in exchange for controlled substances. The defense indicated approval of the procedure. The court also suggested that the parties attempt to reach a stipulation as to the items that were subject to forfeiture.

The defendant contends that the order entered at the end of the April 14 hearing was a denial of the request for forfeiture. We do not agree. The form of the order clearly indicates that the court was withholding decision in that respect. Why the court did not proceed to hear whatever evidence the defendant might have is not clear from the record. The court certainly expressed a sufficient belief in the State's case to require the defense to proceed. In any event, neither side expressed dissatisfaction with the way the matter was left. The decision of the court to attempt (1) settlement, and, if that could not be done, (2) a focus on specific items, was a wise decision and one that would be very fair for the defendant.

Subsequent events made matters difficult for the parties and the court. The sheriff, apparently finding it troublesome and expensive to the county to store the numerous items of merchandise involved, decided to sell the property. The sheriff then, without court approval and in the absence of an order of forfeiture, set a sale for May 16, 1985. On May 16, 1985, the State filed a "Petition for Rehearing or Clarification" of the court's April 24 order. It set forth: (1) the fact that settlement had not been obtained; (2) the imminence of the sheriff's sale; (3) the defendant's failure to file any statement in regard to specific items; and (4) the expense of continuing to store the

items. The petition requested that the court enter an order of forfeiture or "clarify its order to assure all parties" the proposed sale was contemplated by the order of April 24.

The foregoing petition was heard late in the afternoon of the day of its filing. The court immediately informed the parties that no clarification of the April 24 order was necessary because it clearly directed the sheriff to hold the items until further order. A colloquy ensued in which the parties agreed that defense counsel had written the auctioneer selected for the sheriff's sale advising him that the defendant's and codefendants' rights in the property to be sold had not then been divested and warning him that legal action would be taken if he sold the property. The court described the proposed auctioneer as being an innocent party and then went on to say that he had become convinced that all of the property in question had been proved to be subject to forfeiture and ordered that it be forfeited. Defense counsel did not request any opportunity to put on evidence or otherwise object to the procedure that had been used.

On May 17, 1985, defendant filed a motion under section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1203) which contended, among other things, that the May 16, 1985, order had "reversed" the court's order of April 24, 1985, wherein the court had placed the property in the custody of the sheriff until further order and had done so without an evidentiary hearing. After a hearing on August 23, 1985, the post-trial motions were denied and defendant filed this appeal.

As we have indicated, the court's order of April 24th was merely interlocutory, not either denying foreclosure or granting it but taking the matter under advisement. At the same time the court suggested to the parties ways in which it could be helped in reaching a decision. Thus, when the court did make a decision to order forfeiture, it was not "reversing" or rescinding a prior order but deciding the case.

We are concerned that the state of the record is such that it might appear that the court entered judgment without giving the defense an opportunity to proceed with evidence. The apparent action of the court was, basically, to take the matter under advisement after the State rested. However, the defense never requested to put on any evidence. It did not follow through with the court's request for itemization. At the May 16 hearing, the defense did not object to the court proceeding to judgment without hearing its evidence. Defendant's May 17 motion complained of the court "reversing" its prior ruling without an evidentiary hearing but did not specifically com-

plain that it had evidence it wished to present before the court made its determination. Rather, the thrust of the motion was that the court had previously ruled in defendant's favor and then had set aside its ruling without an evidentiary hearing.

The defense contends that the court's action on May 16 was taken in retaliation for the letter written by defense counsel to the auctioneer. The record may indicate that the court was somewhat disapproving of the writing of the letter rather than bringing the matter before the court. However, the record falls far short of proving that was the reason for the court's order. Rather, the record indicates that the court was put in a difficult position when the sheriff set a sale before a final judgment on the forfeiture question had been entered. The court likely felt a need to act rapidly. We wish the record were clearer in regard to whether the defendant wished to present evidence but we do not find the defendant to have been deprived of due process in the hasty procedure used.

Accordingly, we affirm all aspects of the judgment appealed except in regard to forfeiture of firearms and ammunition. We reverse the judgment in regard to items of firearms and ammunition which were mentioned only in the separate petition of March 5, 1985, concerning firearms and ammunition. Pursuant to our power under Supreme Court Rule 366(a)(5) (87 Ill. 2d R. 366(a)(5)) we modify the judgment of the circuit court to provide that (1) as to any such items which have not been sold, they be turned over to any designee of defendant who is not prohibited from possessing such items; and (2) the proceeds of any of such items that have been sold be turned over to defendant. We remand the cause to the circuit court of Champaign County to make any rulings necessary to carry out our directions in regard to the items listed only in the aforesaid separate petition.

Affirmed in part, reversed in part, modified, and remanded.

McCULLOUGH, P.J., and WEBBER, J., concur.